**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2838-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN E. POTTER,

    Defendant-Appellant.

_____

Submitted May 14, 2024 – Decided July 22, 2024

Before Judges Rose and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 11-01-0026.

Kevin E. Potter, appellant pro se.

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen Christopher Sayer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin E. Potter appeals pro se from an April 26, 2023 Law Division order, denying reconsideration of a March 15, 2023 order, which denied his motion to remove a no-contact provision from his 2012 judgment of conviction (JOC). Because we conclude the no-contact provision was imposed as a condition of defendant's probationary sentence, which was completed in 2016, we reverse and remand for issuance of an order so reflecting.

We summarize the facts and procedural history from the limited record provided on appeal. In 2011, defendant was charged in a one-count Cumberland County indictment with fourth-degree stalking, N.J.S.A. 2C:12-10(b), of Ashley Sorantino on divers dates between May 2006 and April 2010 in three municipalities. Defendant also was charged in a two-count complaint-warrant with contempt for violating a court order, N.J.S.A. 2C:29-9(b), and stalking in violation of a court order, N.J.S.A. 2C:12-10(c).

Following a protracted bench trial, defendant was convicted of harassment, N.J.S.A. 2C:33-4, a petty disorderly persons offense, as a lesser-included charge of stalking. In June 2012, defendant was sentenced to a four-year probationary term "conditioned upon 30 days [in the] Cumberland County Jail; no contact with victim, direct or indirect and no 3rd party contact;

2

psychiatric evaluation and treatment as recommended. . . . " The court dismissed the offenses charged in the complaint-warrant.

Defendant appealed his conviction, and we affirmed pursuant to Rule 2:11-3(e)(2).[1] State v. Potter, No. A-5109-11 (App. Div. April 20, 2015) (slip op. at 4). In our summary of the charges, we noted the victim was defendant's neighbor's wife. Id. at 2.

Defendant's probationary term was completed on August 8, 2016. He did not file a petition for post-conviction relief (PCR) within five years of his 2012 conviction. See R. 3:22-12(a)(1) (permitting relaxation of the time bar where the petitioner demonstrates excusable neglect and enforcement of the time bar would result in fundamental injustice).

In February 2023, defendant moved pro se "to vacate [the] decade-old no-contact order."[2] Emphasizing the order "did not arise from any sort of violent crime" and he "ha[d] never been accused of violating" the "no-contact decree,"

---

[1] We issued a consolidated opinion. Potter, slip op. at 1. In the other matter, State v. Potter, No. A-4923-11 (App. Div. April 20, 2015), following a trial de novo in the Law Division, defendant was convicted of trespassing on a neighboring property, cutting down a tree, and threatening his neighbor. Id. at 1. Those convictions are not at issue on this appeal.

[2] During oral argument before the court, defendant explained he was seeking PCR.

A-2838-22

defendant claimed he was "repeatedly detained at [n]ational [a]irports upon his re[]entry to the United States." As such, defendant claimed his right to "due process and other substantive rights" were violated.

The State opposed defendant's application, supported by Sorantino's March 7, 2023 certification. Sorantino expressed her "intense fear and anxiety" in view of defendant's application to vacate the no-contact provision. Citing our Supreme Court's decision in State v. Gandhi, 201 N.J. 161, 188 (2010), the State argued "a judicial order . . . remains until it is vacated." The State further contended the no-contact provision here "was not a condition of probation," evidenced by the use of a semi-colon between the jail term imposed and the no-contact provision ordered in the JOC. Specifically, had the sentencing judge intended to impose the no-contact provision as a condition of probation, the State argued "he would have listed" the provision "with a comma and not a semi-colon."

Following argument, the PCR judge issued an oral decision denying relief. Although the PCR judge was not the sentencing judge, we glean from the record the judge was not provided the sentencing transcript.

Citing N.J.S.A. 2C:45-1, the judge noted the sentencing court "ha[d] the ability to impose conditions" on defendant's sentence. Here, "in the absence of

any evidence to the contrary," the PCR judge construed the JOC as imposing "permanent no contact with the victim." Specifically, "the no-contact provision was permanent the day [the sentencing judge] entered it and that permanent order was affirmed by the Appellate Division." During colloquy with defendant, the judge explained to defendant that, to the extent he sought to enjoin the State from taking any action against him, his request for relief was better suited for an action in lieu of prerogative writs. See R. 4:69-6. The judge issued a memorializing order on March 15, 2023.

On April 3, 2023, defendant timely moved for reconsideration, see R. 1:7-4(b). In his unrepresented brief, defendant asserted the PCR judge: "alter[ed] 'conditions of probation' seven . . . years after" the JOC "terminated"; "violat[ed] the Double Jeopardy Clause of the Fifth Amendment"; "resentence[ed] . . . defendant to an 'illegal sentence' that violates this court's decade-old [JOC] to extend beyond the maximum period of incarceration and probation" permitted by the Criminal Code; "reinstat[ed] discharged 'conditions of probation' against . . . defendant seven . . . years after his probation terminated"; and "fail[ed] to enjoin the State . . . permanently from making any further attempts to enforce any of the discharged 'conditions of probation,'" among other contentions.

A-2838-22

On April 26, 2023, the PCR judge denied defendant's motion in an order and accompanying written opinion, noting neither party requested oral argument. The judge reiterated "the plain language of the JOC informs that . . . defendant is permanently enjoined from contact with the victim," which is a "hardly novel" result "following a trial and conviction for harassment." The judge was not persuaded that his initial decision was "palpably incorrect or irrational." See D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

On appeal, defendant renews his overlapping contentions. He seeks reversal of the orders under review and a declaration enjoining the State "from any further prosecution . . . in this proceeding." Distilled to its essence however, defendant's argument is that the completion of his probationary sentence in 2016 extinguished all conditions, including the no-contact provision.

As a threshold matter, we do not deem defendant's application a typical PCR motion, which would be time-barred under Rule 3:22-12. Rather, defendant seeks a legal determination that the no-contact provision did not survive the completion of his probationary sentence. Our review, therefore, is de novo. See e.g., State v. Dunbar, 229 N.J. 521, 538 (2017) (holding the trial court's legal conclusions are reviewed de novo).

6 A-2838-22

N.J.S.A. 2C:45-1 authorizes the court to sentence a defendant to a probationary term and impose conditions and requirements of probation. When ordering a probationary sentence, the court may impose "reasonable conditions . . . as it deems necessary to insure that [the defendant] will lead a law-abiding life or is likely to assist [the defendant] to do so." N.J.S.A. 2C:45-1(a)(1). A non-exhaustive list of permissible conditions of a probationary sentence is provided in N.J.S.A. 2C:45-1(b). Further, "[i]n addition to any condition of probation, the court may enter an order prohibiting a defendant who is convicted of a sex offense from having any contact with the victim." N.J.S.A. 2C:45-1(b). Notably, the statute does not include a similar provision for any other offenses, including harassment.

A court also is authorized to discharge a defendant from probation, N.J.S.A. 2C:45-2(a), and to modify or eliminate any requirement found to impose an unreasonable burden on the defendant or add further requirements, N.J.S.A. 2C:45-2(b). Pertinent to this appeal, the statute provides, absent the failure to fulfill certain conditions, "[u]pon the termination of . . . probation . . . the defendant shall be relieved of any obligations imposed by the order of the court and shall have satisfied his sentence for the offense." N.J.S.A. 2C:45-2(c). Further, "Notwithstanding any provision in this section to the contrary, any

A-2838-22

order of the court prohibiting contact with a victim imposed on a defendant convicted of a sex offense shall continue in effect following the termination of probation supervision until further order of the court." Ibid. Similar to N.J.S.A. 2C:45-1(b), this section of the statute does not include a provision for any other offenses, including harassment.

In the present matter, although originally charged with stalking, defendant was convicted after a lengthy bench trial of harassment, a petty disorderly persons offense. Unlike a sex offense under N.J.S.A. 2C:45-1(b) and N.J.S.A. 2C:45-2(c), there is no statutory authority for the continuance of the no-contact provision imposed here, which terminated upon defendant's completion of probation on August 8, 2016.

Accordingly, whether the sentencing court intended to impose a permanent no-contact provision by the use of semi-colons in the JOC is not dispositive and, as such, the parties' failure to provide the sentencing transcript to the PCR judge was not fatal. We note, however, that the State's argument, seemingly adopted by the PCR judge, ignores the remaining provision, "psychiatric evaluation and treatment as recommended" also was set off by a semi-colon. It would be illogical to conclude that provision was not a condition of probation and survived the completion of defendant's sentence. Nor are we

A-2838-22

persuaded by the judge's finding that we affirmed defendant's sentence when, as stated, defendant only challenged his conviction on direct appeal.

The orders under review are vacated and the matter is remanded for issuance of an order reflecting the no-contact provision, originally imposed as a condition of probation, is vacated based upon the completion of defendant's probationary sentence. Jurisdiction is not retained.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2838-22